```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                    STATESVILLE DIVISION
                      5:06CV105-2-V
                     (5:00CR20-02-V)
```

```
JOSE YSABEL BENITEZ-CORREA,    )
     Petitioner,               )
                               )
     v.                        )       O R D E R
                               )
UNITED STATES OF AMERICA,      )
     Respondent.               )
_____)
```

**THIS MATTER** is before the Court upon an initial review of the petitioner's document captioned as an "Appeal From Mr. Benites-Correa To The United States District Court For The Western District Of North Carolina, Charlotte Division And The 4th Circuit Of Appeals," filed August 21, 2006.  Notwithstanding the caption of the instant document, inasmuch as the petitioner is seeking relief which sounds in habeas, such document will be construed as a motion to vacate under 28 U.S.C. §2255.  Moreover, because the petitioner's de facto motion to vacate fails to state a claim for relief, such motion will be summarily denied and dismissed.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to this Motion, the record reflects that on August 7, 2000, the petitioner (along with another individual) was named in a Superceding Bill of Indictment which charged him with

conspiracy to possess with intent to distribute at least five kilograms of cocaine, at least 50 grams of methamphetamine, and at least 100 kilograms of marijuana, all in violation of 21 U.S.C. §841(a)(1).  Initially, when the petitioner was arraigned on that charge, he pled "not guilty."

However, after obtaining several continuances on March 8, 2001, the petitioner appeared before the Court and entered a "straight-up" guilty plea to his conspiracy charge.  On that occasion, the Court placed the petitioner under oath and conducted its standard Plea & Rule 11 Hearing in order to ensure that his guilty plea was being intelligently and voluntarily tendered. Thus, after engaging the petitioner in a lengthy colloquy and considering his answers to all of its questions, the Court determined that the guilty plea was being knowingly and voluntarily made.  Therefore, the Court accepted the guilty plea.

Next, on September 10, 2001, the Court conducted a Factual Basis and Sentencing Hearing in this matter.  During that Hearing, the Court considered the information set forth in the petitioner's Pre-Sentence Report, and then concluded that his Total Offense Level was 29 and his Criminal History Category was IV. Accordingly, based upon those calculations, the petitioner faced a term of 121 to 151 months imprisonment.  After hearing from counsel for both parties, the Court ultimately imposed a term of 121 months imprisonment.

Next, the petitioner timely gave his notice of appeal to the

Fourth Circuit Court of Appeals.  On appeal, the petitioner challenged both his conviction and sentence, first arguing that his guilty plea was not voluntarily tendered because his Rule 11 Hearing had been inadequate.  The petitioner also argued that this Court had abused its discretion in accepting his guilty plea because there was no factual basis to support that plea; that the Court erred in calculating his sentencing range under the Guidelines; and that the government had breached its verbal plea agreement by failing to seek a reduced sentence for his reported substantial assistance.  See United States v. Benites-Correa, No. 01-4757, slip op. at 2 (4th Cir. Aug. 13, 2002).  However, the Court of Appeals concluded that the petitioner could not prevail on any of his challenges.

In particular, the appellate Court found that the petitioner's two challenges to his guilty plea had to fail because his Plea Hearing was "thorough," and there was "a sufficient factual basis" to support the plea.  Id.  Further, the appellate Court found that there was "no error in the district court's calculations" of the petitioner's sentence; and that the government had not made any promise of a reduced sentence.  Id.  Accordingly, the Fourth Circuit Court of Appeals affirmed the petitioner's conviction and sentence.  Id. at 2-3.  Thereafter, the appellate Court's mandate for that decision was entered on September 6, 2002.

Nevertheless, the petitioner did not seek certiorari review

for his case in the United States Supreme Court. Rather, after a delay of approximately 15 months, on December 10, 2003, the petitioner returned to this Court with a Motion to Amend Judgment, seeking to avoid the Court's directive that he participate in the Inmate Financial Responsibility Program and send his dependents monthly payments of $50.00. However, finding that the petitioner had failed to show that he was entitled to by-pass BOP review and seek relief from the Court, on March 3, 2004, the petitioner's Motion to Amend Judgment was denied.

Then, after waiting more than two years from the time that the Court denied his Motion to Amend Judgment (and nearly four years from the time that his conviction and sentence became final), on August 21, 2006, the petitioner filed the instant <u>de facto</u> motion to vacate. In this motion, the petitioner sets forth a series of bizarre statements and assertions, including that this Court somehow made "sarcasti[c] and da[m]aging" comments "within [the] hearing of [the] jury . . . "; and that the Court erred in deciding to terminate his self-representation. However, inasmuch as the petitioner pled guilty and the Court did <u>not</u> conduct a trial in this case, and the petitioner did <u>not</u> engage in self-representation at any time during his proceedings, the Court finds that such matters do not warrant any further discussion as they must be summarily <u>denied</u>.

In addition to the foregoing, in his motion the petitioner attempts to resurrect his appellate claim that the Court erred in

calculating his sentence. The petitioner also seems to argue that his sentence violates the "new [r]egulation" from <u>United States v. Booker/Fanfan</u>, 543 U.S. 220 (2005) and its predecessor cases. Nevertheless, a careful review of those claims, along with the record and the relevant legal precedent makes clear that the petitioner has failed to state a claim for relief.[1]

## II.  ANALYSIS

### 1. The petitioner's sentencing challenge is is barred by the Court of Appeals' affirmation of his sentence during his appeal.

By his first intelligible claim, the petitioner seems to be arguing that the Court erroneously calculated his Criminal History Category at Level IV instead of Level III. Although it is far from clear why the petitioner believes that determination to have been erroneously made, his motion suggests that the Court's calculations were wrong because they included prior convictions which had not been "specified in [his] Indictment."

As has been noted, however, the petitioner already unsuccessfully challenged the calculation of his sentence while on direct appeal before the Fourth Circuit Court of Appeals. Under the law, it is well settled that in the absence of a favorable,

---

[1] It has not escaped the Court's attention that the petitioner's motion to vacate likely is time-barred due to his failure to file it within one year of the time that his appeal became final. <u>See</u> Clay v. United States, 537 U.S. 522, 531-32 (2003) (noting that a petitioner has one year from the expiration of the 90-day certiorari review period in which to file a motion to vacate.). However, because the petitioner's claims are patently frivolous, the Court has chosen to dismiss this action on that ground rather than find it time-barred.

intervening change in the law, a petitioner simply is not free to re-litigate claims which already were rejected on direct review. <u>Davis v. United States</u>, 417 U.S. 333, 342 (1974); <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir.), <u>cert. denied</u>, 429 U.S. 863 (1976).  Accordingly, since the petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, this claim is procedurally barred.

### 2. **The petitioner's claim of a Booker/Fanfan error also is not cognizable in this habeas proceeding**.

In the event that the petitioner's <u>Booker/Fanfan</u>-based challenge to the calculation of his sentence cannot be construed as having been raised and rejected on direct review, the same still must be dismissed for two critical reasons.

First, even if such claim were not expressly barred from this Court's review by virtue of the Fourth Circuit's ruling, in <u>United States v. Mikalajunas</u>, 186 F.3d 490, 492-93 (4th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1010 (2000), the Court pointed out that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."  <u>Id</u>.,

citing <u>United States v. Frady</u>, 456 U.S. 152 (1982); <u>see also</u> <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998) (failure to challenge matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); <u>and</u> <u>Stone v. Powell</u>, 428 U.S. 465, 477 n.10 (1976).

On this record, it is likely that the petitioner's claim is barred by the appellate Court's conclusion that his sentence was not erroneously calculated. In the alternative, however, even if the claim is not barred, it still is subject to summary dismissal due to the petitioner's failure to show "cause and prejudice," or otherwise to explain why the Court should excuse his procedural default of such issue.

Second, and equally critically, it is well settled that while the <u>Booker/ Fanfan</u> decision does announce a new rule of constitutional law, the holding from that case simply is not retroactively applicable to cases which are on collateral review. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005). Thus, even if this claim were not procedurally defaulted or barred, it still is not cognizable in this proceeding.

Finally, the Court has observed that the crux of the petitioner's argument is that he should have been sentenced under Criminal History Category III, rather than Category IV. However, because the 121-month term of imprisonment which the petitioner received falls well within the 108 to 135-month range for which he is arguing, he simply cannot demonstrate an entitlement to

relief in any event.

### III. CONCLUSION

The record of this matter reflects that the petitioner has failed to state a claim for relief on either of his two allegations of sentencing error. Therefore, the petitioner's Motion to Vacate must be <u>denied</u> and <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: August 29, 2006

Richard L. Voorhees
United States District Judge